**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL GUINN,

　　　　　Plaintiff - Appellant,

v.

JEFFCO COMBINED COURTS;
JEFFCO JUDGE DaVITA; JEFFCO
DISTRICT ATTORNEYS OFFICE;
MS. SAMANTHA BLOODWORTH;
JEFFCO PUBLIC DEFENDERS
OFFICE; JEFFCO SHERIFF'S
DEPARTMENT,

　　　　　Defendants - Appellees.

No. 13-1231
(D.C. No. 1:12-CV-01887-PAB-BNB)
(D. Colorado)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Plaintiff and appellant, Bill Guinn, proceeding *pro se*, appeals the dismissal, without prejudice, of his 42 U.S.C. § 1983 complaint. For the following reasons, we affirm the district court's order dismissing Mr. Guinn's complaint without prejudice.

Mr. Guinn was convicted of driving under the influence on August 6, 2011, and on September 27, 2011, Colorado state district court Judge DaVita imposed a 180-day sentence, to be served in the Jefferson County jail. Mr. Guinn was released from the jail on March 13, 2012. Mr. Guinn was apparently not given credit for his pre-trial confinement in jail, nor was he awarded "trusty goodtime" credit he claims he was entitled to receive. Appeal at 5.

On July 20, 2012, Mr. Guinn filed the instant complaint, in which he alleged that defendants (various Jefferson County entities and employees)[1] violated his "fundamental (fund.) 4th (Seizure), 5th (Due Process), 6th (Double Jeopardy/Effective Assistance of Counsel), 8th (Cruel and Unusual Punishment), and 14th (Due Process/Equal Protection) Amendment (Amend.) Constitutional (Const.) rights when they unlawfully imprisoned him in Jeffco. Jail." Appeal at 5.

---

[1]As named in Mr. Guinn's appellate brief, the defendants are: "Jefferson County (Jeffco.) Combined Courts; Jeffco. District Court Judge, Davita; Jeffco. District Attorneys Office; Ms. Samantha Bloodworth, Jeffco. Deputy Public Defender; Jeffco. Public Defenders Office; [and] Jeffco. Sheriffs Department." Appeal at 1.

The matter was referred to a magistrate judge who, on August 6, 2012, entered an order striking the complaint and directing Mr. Guinn to submit an amended complaint. The magistrate judge found that the complaint did not comply with Fed. R. Civ. P. 8 and was not submitted using the District of Colorado's standard complaint form, in violation of D.C. Colo. LCivR 8.1A, which states that "[a] pro se party shall use the forms established by this court to file an action." The court also found that Mr. Guinn failed to number each one of his claims separately, setting forth the factual basis for each claim. After reciting the requirements of Fed. R. Civ. P. 8, the magistrate judge explained in some detail what was lacking in Mr. Guinn's complaint:

> The plaintiff's Complaint suffers from many deficiencies, not the least of which is that the Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.
>
> The plaintiff asserts five claims against two individuals and several entities. The plaintiff's claims arise out of a citation and subsequent conviction for driving under the influence of alcohol. Most of the plaintiff's allegations refer collectively to the defendants. The plaintiff does not clearly state the actions or inactions of each defendant and how those actions or inactions violate the law.
>
> The Complaint makes allegations against entities. An entity sued under section 1983 is subject to liability only when its official policies or customs are responsible for deprivation of rights protected by the Constitution. A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers.

In addition, the Complaint contains legal arguments and conclusory allegations of wrongdoing. Arguments and conclusory allegations of wrongdoing are not appropriately included in a complaint.

Claim Eight is exemplary of the deficiencies throughout the Complaint. Claim Eight states:

> Plaint alleges that defs violated his 8th Amend. right when they deliberately subjected him to 83 days of unlawful imprisonment in Jeffco Jail for his DUI offense and conviction. Plaint alleges Defs acted with deliberate indifference toward his well established 4th, 5th, 6th, 8th and 14th Amend rights when they capriciously and arbitrarily forced him to serve 83 days of unlawful imprisonment in Jeff Co Jail.

Compl. at 16.

Claim Eight does not identify which defendant(s) subjected him to 83 days of imprisonment, nor does it allege any specific facts to show how such imprisonment violated the plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

Order at 2-3, R. Vol. 1 at 30-31 (footnote and citation omitted). The magistrate judge accordingly directed Mr. Guinn to file an amended complaint "which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order." Id. at 4. More specifically, the magistrate judge instructed Mr. Guinn that the amended complaint:

> must be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages,

> double-spaced. The Complaint shall not contain conclusory allegations or argument.

Id. Mr. Guinn was ordered to submit his amended complaint on or before August 20, 2012. The magistrate judge directed the clerk of the court to enclose with its order to Mr. Guinn a copy of the court's complaint form.

Instead of submitting an amended complaint on August 20th, however, Mr. Guinn filed a "Response to Magistrate Judge's Order" on August 21. In his Response, Mr. Guinn "contest[ed]" the court's order directing him to file an amended complaint, and stated that he could not present his claims any more concisely.

The magistrate judge then responded by issuing an Order to Show Cause by September 24, 2012, "why this action should not be dismissed for failure to comply with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and an order of this court." Order to Show Cause at 2, R. Vol. 1 at 40.

Mr. Guinn subsequently filed an "Amended Complaint." The magistrate judge found it was still insufficient:

> The proposed amended complaint does not comply with Rule 8, local rule 8.1A, and my order. The complaint is not submitted on the court's form, although the plaintiff acknowledges receiving a copy of the form.
>
> Claims One and Two are exemplary of the plaintiff's failure to submit a complaint in compliance with Rule 8 and my order. Claim One is five typewritten pages in length. The claim alleges that all of the defendants violated the plaintiff's Fifth Amendment right to due process. Claim Two is also brought against all defendants. Claim

-5-

Two incorporates the allegations of Claim One and asserts a violation of the plaintiff's Fourth Amendment rights. However, Claim One does not contain specific factual allegations that describe actions or inactions of each defendant and how those actions or inactions violated the plaintiff's due process and Fifth Amendment rights. Instead, the claim is verbose and contains conclusory allegations and legal argument. . . . The plaintiff repeatedly refers to the defendants collectively instead of alleging specific facts regarding the actions or inactions of each defendant.

Recommendation at 4-5, R. Vol. 1 at 68-69. The magistrate judge accordingly recommended that the complaint be dismissed without prejudice for "failure to comply with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and an order of this court." Id. at 5. Mr. Guinn filed objections to the Recommendation, arguing that he need not comply with local rule 8.1 because his amended complaint substantially complied with Fed. R. Civ. P. 8, that his complaint contained all the necessary information to enable its review, that he had substantially followed the format of the district court's standard complaint forms, and that his allegations were not conclusory.

The district court disagreed with Mr. Guinn, finding that:

[A]fter reviewing the amended complaint, the Court finds that it is deficient for the same reasons the original complaint was deficient, i.e., neither complaint complies with the pleading requirements of Fed. R. Civ. P. 8. Thus, because plaintiff willfully declined to follow the magistrate judge's order, and his excuses for not complying with this order are not acceptable, the Court finds no error with the magistrate judge's Recommendation.

Order at 4, R. Vol. 1 at 85. The court therefore dismissed Mr. Guinn's complaint without prejudice.

Mr. Guinn appeals, arguing that his complaint complied with Fed. R. Civ. P. 8 and D.C. Colo. CivL 8.1A; that the provisions of local rule 8.1A are ambiguous because they conflict with the "Federal Local Court Rules"; and that he is entitled to "receive a court judgment and response which addresses the general allegations contained within his Complaint." Appeal at 8-9.

We agree with the thorough analysis and explanation given by the magistrate judge in his recommendation, as adopted and supplemented by the district court's order. The district court described the deficiencies in Mr. Guinn's complaint, as amended, and we cannot improve on that description or analysis. We do note that Mr. Guinn alleges there is some conflict or confusion between local rule 8.1A, which states that a "pro se party <u>shall</u> use the forms established by this court to file an action," and a court document Mr. Guinn attached to his appellate brief which provides general advice to pro se litigants and states that a non-incarcerated pro se litigant wishing to file a "civil lawsuit for a reason that is not related to employment" "<u>may</u> use the General Complaint." (both emphases added). Mr. Guinn suggests that the "may" and "shall" directives are in conflict. We need not resolve any such conflict, if it exists, because the district court provided ample other grounds for finding Mr. Guinn's complaint deficient, regardless of the precise form used. Furthermore, the court specifically directed Mr. Guinn to use its form, and enclosed a copy of the form. Thus, Mr. Guinn, in any event, ignored a direct order from the court.

In short, we affirm the district court's order dismissing Mr. Guinn's complaint without prejudice. We deny Mr. Guinn's motion for leave to proceed *in forma pauperis* on appeal, and we remind him that he is obligated to pay the full amount of the filing fee.[2]

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]We note that Mr. Guinn already has three strikes under 28 U.S.C. § 1915(g).